**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ONEAL DAVIS, | Civil Action No.: 14-7256 |
| Plaintiff, | |
| v. | OPINION |
| MORENG METAL PRODUCTS, INC., *et al.*, | |
| Defendants. | |

**CECCHI, District Judge**

I. **INTRODUCTION**

Before the Court is the motion of defendant Moreng Metal Products, Inc. ("Moreng" or "Defendant") to dismiss the First Amended Complaint ("Complaint" or "Compl.") of plaintiff Oneal Davis ("Plaintiff") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 10. The Court decides the Motion without oral argument pursuant to Federal Rule of Procedure 78. For the reasons set forth below, the Court denies Defendant's Motion.

II. **BACKGROUND**

The following facts are accepted as true for purposes of the instant Motion. Defendant Moreng is a precision sheet metal fabricator. Compl. ¶ 12. Plaintiff, a black male, Compl. ¶ 35, was hired to work as a welder at Moreng's facilities through defendants Baker Personnel, Inc. ("Baker") and Niscam Personnel, Inc. ("Niscam"), Compl. ¶ 38.[1]

---

[1] Defendant Moreng contends Baker and Niscam are temporary staffing agencies. Def's Br. in Support of Mot. to Dismiss, ECF No. 6-1, at 5. In addition, although Plaintiff named Baker and Niscam as separate defendants in this action, Defendant contends they are one in the same: "Niscam simply does business as Baker." ECF No. 6-1 at 5. As neither Niscam nor Baker has moved to dismiss Plaintiff's Complaint, the Court need not determine now whether they are in fact the same entity. For the purposes of the instant Motion, the Court will refer to Niscam and Baker

1

Plaintiff worked at Moreng's facilities from August 22, 2013 until August 27, 2013, Compl. ¶ 37. On August 27, 2013, Fernando Valois, a Moreng employee responsible for supervising Plaintiff, approached Plaintiff and shouted "several shocking and discriminatory comments at Plaintiff[,] including, 'I don't know how you black people graduated high school!' and 'I don't know how you [n-word]s graduated high school!'" Compl. ¶¶ 53–54. Plaintiff informed another supervisor of Mr. Valois's behavior. Compl. ¶ 56. In response to Plaintiff's complaint, "Defendant[] immediately retaliated against Plaintiff by terminating him." Compl. ¶ 58.

On November 20, 2014, Plaintiff filed a complaint against Moreng. ECF No. 1. Defendant Moreng moved to dismiss that complaint on April 10, 2015. ECF No. 6. Plaintiff filed an Amended Complaint ("Complaint" or "Compl.") on April 30, 2015 against Defendant Moreng, as well as Baker and Niscam. ECF No. 8.

Plaintiff brings suit for (1) discrimination on the basis of race and color, giving rise to a hostile work environment, in violation of Title VII of the 1964 Civil Rights Act ("Title VII") and the New Jersey Law Against Discrimination ("NJLAD"); and (2) retaliation in violation of Title VII and the NJLAD. Compl. ¶¶ 63–137. Defendant Moreng moved to dismiss the Complaint on May 14, 2015. ECF No. 10.

The parties disagree about the status of Plaintiff's employment with Moreng. Plaintiff alleges Moreng, Niscam, and Baker "joint[ly] employed" Plaintiff, but does not elaborate upon the contractual relationship between the parties. Compl. ¶ 29. Defendant contends it was not Plaintiff's employer; rather, Plaintiff was solely employed by Baker and/or Niscam, which are

---

as separate entities.

temporary staffing agencies that contracted with Moreng to provide temporary workers. See Def. Br. in Support of Mot. to Dismiss, ECF No. 6-1, at 7–15. Defendant supports its contentions not with information contained in the Complaint, but with the Declaration of Linda M. Ardizzone and Ron Glenn ("Ardizzone Declaration"), ECF No. 6-2, and the terms and conditions agreement governing Moreng's relationship with Niscam and Baker ("Terms and Conditions"), ECF No. 6-2 Ex. A. The Ardizzone Declaration and the Terms and Conditions state that, under the contract between Defendant and Niscam and Baker, Defendant agreed not to hire the agency's personnel without first notifying the agency. See Ardizzone Decl. ¶8; Terms & Conditions at 1. The Ardizzone Declaration also asserts Moreng "did not provide Plaintiff with any annual leave, health, or retirement benefits," Ardizzone Decl. ¶ 13, or "pay social security taxes, unemployment taxes, workers' compensation insurance, or any other payroll deductions on behalf of Plaintiff," *id.* ¶ 14.

### III. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

In general, on consideration of a motion to dismiss for failure to state a claim under Rule 12(b)(6), this Court is limited to considering the allegations in the complaint, any exhibits attached to the complaint, matters of public record, and documents upon which the plaintiff's complaint is based. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Rule 12(d) states:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.[2]

Fed. R. Civ. P. 12(d). "The process of treating a motion to dismiss as a motion for summary judgment is known as 'conversion.'" *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). "When a District Court decides to convert a motion to dismiss into a motion for summary judgment, it must provide the parties 'reasonable opportunity' to present all material relevant to a summary judgment motion." *Id.* at 287–88.

## IV. DISCUSSION

Defendant Moreng moves to dismiss on the basis Plaintiff's Title VII and NJLAD claims

---

[2] Defendant urges this Court to treat its motion as a "speaking motion" and consider matters outside the pleadings. See ECF No. 10 at 8 n.4. The Advisory Committee to the Federal Rules of Civil Procedure notes "[t]he term 'speaking motion' is not mentioned in the rules," and emphasizes that where a trial court considers extraneous matters on a motion to dismiss, the motion should be treated as one for summary judgment. Fed. R. Civ. P. 12 advisory committee's note to the 1946 Amendment, Subdivision (b) (2015).

fail because (1) Plaintiff was never Moreng's employee and (2) Plaintiff has alleged facts insufficient to support a claim of hostile work environment. For the reasons set forth below, the Court finds Plaintiff's Complaint states a claim upon which relief can be granted.

### A. Employment Relationship Under Title VII and NJLAD

To assert a claim for discrimination under Title VII, a plaintiff must plead the existence of an "employment relationship" with the defendant. *See Faush v. Tuesday Morning, Inc.*, No. 14-1452, 2015 WL 7273268, at *4 (3d Cir. Nov. 18, 2015) (citation omitted). Claims brought under NJLAD are generally subject to the same analysis as Title VII claims. *See Wiseley v. Harrah's Entm't, Inc.*, No. CIV.A.03-1540 (JBS), 2004 WL 1739724, at *9 (D.N.J. Aug. 4, 2004) (citing *Schurr v. Resorts Int'l Hotel, Inc.*, 196 F.3d 486, 498 (3d Cir. 1999)); *Lehmann v. Toys R Us, Inc.*, 132 N.J. 587, 600 (1993).

To determine whether a plaintiff is an employee, courts consider whether, under the common law of agency, the defendant has the "right to control the manner and means by which the product is accomplished." *Faush*, 2015 WL 7273268, at *5 (internal quotation marks and citations omitted). "Two entities may be 'co-employers' or 'joint employers' of one employee . . . ." *Id.*

Plaintiff pleads Defendant Moreng was his joint employer because, among other facts, Defendant's employees supervised Plaintiff and controlled his daily activities, requiring him to wear certain protective gear and approving his time cards and requests for leave. Compl. ¶¶ 28, 29, 42, 44–46. Plaintiff's pleading is sufficient to state he was Moreng's employee under Title VII and NJLAD. *See id.* at *1–9 (holding a worker employed by a temporary staffing agency could be the defendant corporation's employee where the defendant's employees supervised the worker and controlled his daily activities).

Defendant Moreng relies on the Ardizzone Declaration and the Terms and Conditions to assert Plaintiff was not its employee as a matter of law. ECF No. 6-1 at 7–15. In asking the Court to consider these documents, Defendant effectively asks the Court to convert its Motion to Dismiss to a motion for summary judgment. *See In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d at 287. Because the parties have not yet had a "reasonable opportunity to present all material relevant to a summary judgment motion," the Court declines to convert Defendant's Motion and, as such, may not consider the Ardizzone Declaration and the Terms and Conditions. *See id.* at 287-88. Moreover, even if the Court were to consider the Ardizzone Declaration and the Terms and Conditions, they would not compel dismissal of Plaintiff's claims. Contrary to Defendant's contentions, a temporary worker may prevail on a Title VII claim even where the temporary staffing agency, not the defendant, paid the worker's wages, taxes, and social security. *See Faush*, 2015 WL 7273268, at *5. Therefore, at this early stage of the litigation, the Court finds Plaintiff's allegations are sufficiently pled to survive a motion to dismiss.

## B. Hostile Work Environment Under Title VII and NJLAD

To state a claim for an actionable hostile work environment under Title VII, a plaintiff must plead: "(1) that she suffered intentional discrimination because of her race; (2) that the discrimination was severe and pervasive; (3) that the discrimination detrimentally affected her; (4) that the discrimination would detrimentally affect a reasonable person of the same race in that position; and (5) the existence of *respondeat superior* liability." *Davis v. City of Newark*, 285 Fed. App'x 899, 902–03 (3d Cir. 2008). The elements of a hostile work environment claim under the NJLAD "closely resemble the first four elements of [a] Title VII hostile work environment claim." *Id.* at 903 (internal quotation marks and citation omitted).

Defendant contends Plaintiff's claims must fail because Mr. Valois's behavior, as a matter

of law, could not rise to the level of "severe and pervasive discrimination" under Title VII and the NJLAD. *See* ECF No. 6-1 at 16–21. The Court disagrees. "Racial epithets are regarded as especially egregious and capable of engendering a severe impact." *Taylor v. Metzger*, 152 N.J. 490, 502 (1998). Mr. Valois's use of a particularly offensive racial slur and racially demeaning language may permit a rational factfinder to conclude the discrimination the plaintiff endured was severe and pervasive. *See id.* at 502–03 (holding a supervisor's use of a single racial slur could support a hostile work environment claim under the NJLAD); *Durand v. FedEx*, No. 12-CV-7450-WJM-MF, 2015 WL 140215, at *8 (D.N.J. Jan. 12, 2015) ("Where a supervisor makes it abundantly clear [through the use of racial slurs] that she has disgust for an employee based on a protected status, even in just a couple instances, it could fairly be said that the conduct is sufficiently severe or pervasive" to constitute a hostile work environment under Title VII. (internal quotation marks and citation omitted)). Accordingly, Plaintiff has alleged facts sufficient to state a hostile work environment claim under Title VII and the NJLAD.

## I. CONCLUSION

Based on the reasons set forth above, the Defendant's Motion to Dismiss is denied without prejudice. An appropriate order accompanies this Opinion.

Dated: December 18, 2015

**CLAIRE C. CECCHI, U.S.D.J.**